UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22032-CV-GAYLES
MAGISTRATE JUDGE REID

CHRISTOPHER J. MOORE,

    Petitioner,

v.

JOSE COLON, Warden, *et al.,*

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL OF HABEAS PETITION - 28 U.S.C. §2241

### I. Introduction

Petitioner, **Christopher J. Moore,** a convicted felon, while confined at the Dade Correctional Institution ("Dade CI"), in Florida City, Florida, has filed this *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. §§ 2241-43, 28 U.S.C. § 2254, and the All Writs Act, 28 U.S.C. § 1651. [ECF No. 1 at 1-2]. Petitioner seeks an Order from the Court directing his immediate release from the Florida Department of Corrections ("FDOC") custody to home confinement or indefinite suspension of his state prison sentence until the coronavirus pandemic ("COVID-19") has been "safely contained, cured and abated in Florida State prisons." [*Id.* at 2]. Plaintiff argues that his continued FDOC confinement violates

- 1 -

the Eighth Amendment proscription against cruel and unusual punishment. [*Id.* at 12-20]. For the reasons detailed below, this petition should be DISMISSED.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2.

Respondent has filed a response to this court's order to show cause with supporting exhibits [ECF No. 13], in which it argues that Petitioner is not entitled to relief, in relevant part, because Petitioner has not exhausted his administrative remedies, and his Eighth Amendment claim is not cognizable in a federal habeas petition. [ECF No. 13 at 6, 7, 10-13]. Petitioner has filed a reply. [ECF No. 14].

## II. Relevant State and Federal Procedural Background

In Polk County Circuit Court, Case No. 97-039891A1-XX, Petitioner was charged with and found guilty of the first degree murder with a firearm of his wife, Sharon Moore, following a jury verdict. [ECF No. 13-1, Exs. A-B]. Thereafter, he was sentenced to a total term of life imprisonment without eligibility for parole. [*Id.* at Ex. B]. His conviction and sentence were subsequently *per curiam* affirmed on direct appeal. *See Moore v. State,* 747 So. 2d 940 (Fla. 2nd DCA 1999)(unpublished table decision).

After pursuing state post-collateral proceedings, on **June 9, 2003,** Petitioner filed his first federal habeas corpus petition, with the United States District Court, Middle District of Florida, assigned Case No. 8:03-cv-1205-T-27MAP, attacking

the constitutionality of his conviction and sentence, pursuant to 28 U.S.C. § 2254. [ECF No. 13-1 at 32, 44]. Following the state's response, the court entered an order denying the § 2254 petition on the merits. [8:03cv1205 ECF No. 18]. On February 7, 2007, Petitioner's certificate of appealability was denied by the Eleventh Circuit of Appeals. [*Id.* ECF No. 25].

On **May 13, 2020,** in accordance with the mailbox rule, Petitioner filed this petition, after he signed and handed it to prison officials for mailing as evidenced by the prison facility stamp.[1] [ECF No. 1 at 1]. While this petition was executed under penalty of perjury, pursuant to 28 U.S.C. § 1746 [*Id.* at 36], despite labeling it as one being filed as an "emergency," it was not certified as an emergency petition, as required under S.D. Fla. L.R. 7.1(d) [*Id.*]. Pursuant to 28 U.S.C. § 2241(d), the application was properly filed in this federal judicial district because it is the district where Petitioner is confined.

### III. Discussion

Respondent argues correctly Petitioner is not entitled to relief. [ECF No. 13].].

### A. Challenge Under § 2241

Petitioner alleges that his continued FDOC confinement violates the Eighth

---

[1] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001)(per curiam)(citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir.1999)(per curiam)).

Amendment because it is exposing him to contracting COVID-19. [ECF No. 1 at 3]. Petitioner suggests that "exigent life threatening circumstances" caused him to file in federal court bypassing the state courts in order to obtain "immediate relief." [*Id.*]. Respondent argues that Petitioner's claims are not cognizable in a habeas corpus petition; and, even if they were, the petition should be dismissed for lack of exhaustion. [ECF No. 13 at ]. As discussed below, both arguments are meritorious.

1. Subject Matter Jurisdiction Under § 2241

Petitioner argues that § 2241 permits the court to grant the habeas corpus writ under § 2241 because he is challenging his continued detention in light of the COVID-19 pandemic. [ECF Nos. 1, 14]. Respondent argues, however, that Petitioner challenges the conditions of his confinement, claiming the FDOC facility lacks sufficient cleaning supplies, personal protective equipment, soap, and hand sanitizers, not the fact or duration of his continued detention. [ECF No. 13].

It is evident Petitioner is not challenging the constitutionality of his conviction and resultant sentence entered in state court, nor is he arguing that the duration of his continued detention is unlawful. Instead, Petitioner claims that there is a risk of COVID-19 spreading within the FDOC facility where he is confined, and that recommendations to prevent the spread of the virus are inadequate or ineffective. Consequently, as noted previously, Petitioner is, in fact, challenging the condition of his confinement, because absent those inadequate or ineffective conditions, his

claims would not exist. *See Matos v. Lopez,* No. 20-CV-60784-RAR, 2020 WL 2298775, \*6 (citing *A.S.M. v. Donahue,* 2020 WL 1847158, \*1)(M.D. Ga. Apr. 10, 2020)(citing *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015)).

Thus, a § 2241 habeas petition is not the proper vehicle to raise, as here, Petitioner's challenge to his condition of confinement, and should be dismissed without prejudice to its refiling by way of a civil rights complaint., after exhausting his administrative remedies.

Section 2241 permits a district court to grant a habeas corpus petition when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz,* 634 F. App'x at 780 (citing *Nelson v. Campbell,* 541 U.S. 637, 644 (2004)("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance.")); *Hutchinson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006); *Matos,*2020 WL 2298775, at \*5 (citations omitted)(finding petitioner cannot seek to contest conditions of confinement following COVID-19 in a habeas corpus petition should be brought by way of a civil rights action)(citing *A.S.M.,* 2020 WL 1847158, at \*1 (citing *Vaz,* 624 F. App'x at

781)("Although the Eleventh Circuit has not addressed the issue in a published opinion, an unpublished opinion in this Circuit has concluded that a petition for writ of habeas corpus is not the appropriate mechanism for contesting a prisoner's conditions of confinement.").

Further, as noted by the *Matos* court, even if release were appropriate, "release from custody is not an available remedy" arising from a violation of a detainees' condition of confinement. *See Matos,* 2020 WL 2298775 at *6 (citing *Gomez v. United States,* 899 F.2d 1124, 1126-27 (11th Cir. 1990)(concluding defendant suffering from Acquired Immune Deficiency Syndrome was not entitled to release on bail pending review on merits of his habeas petition). Instead, the appropriate remedy "is to require the discontinuation of any improper practices . . . [it] does not include release from confinement." *Matos, supra* (quoting *Gomez,* 899 F.2d at 1126).

Here, Petitioner seeks temporary release, challenging the propriety of his medical care and the FDOC's accommodations as they relate to the spread of the COVID-19 virus. [ECF Nos. 1, 14]. Absent Petitioner's allegations arising from the conditions at the FDOC facility, his claim would not exist. *See Matos,* 2020 WL 2298775 at *6. Also, his requested relief would not necessarily "change the nature or duration of his sentence[.]" *See Hutcherson,* 468 F.3d at 754. Thus, Petitioner's claims should be dismissed without prejudice to refiling under 42 U.S.C. § 1983,

following exhaustion of his administrative remedies, because they challenge the conditions of his confinement which is not cognizable in a § 2241 habeas corpus petition. *Vaz,* 634 F. App'x at 780. Petitioner's request to be released to home confinement as relief does not convert his claim from a § 1983 action to a § 2241 habeas petition. Because Petitioner's claims properly arise under § 1983, Petitioner may choose to file a § 1983 action, subject to a new case number and proper filing fee.

2. Dismissal for Lack of Exhaustion

To the extent any of the arguments raised by Petitioner could be viewed as proper challenge to the execution of his state sentence, rather than the validity of the sentence itself, such a claim is properly brought under § 2241. *See Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1352 (11th Cir. 2008). However, Respondent argues correctly that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. [ECF No. 13 at 6].

Even if any argument by Petitioner may be cognizable under § 2241, he must nevertheless exhaust his administrative remedies before filing suit. *See Santiago-Lugo v. Warden,* 785 F.3d 467, 476 (11th Cir. 2015)(the judge made requirement of exhaustion, while not jurisdictional, is still a requirement). Exhaustion is a statutory requirement in a petition filed under 28 U.S.C. § 2254, and a judicially-imposed not congressionally mandated requirement in the case of a 28 U.S.C. § 2241 petition.

*See Fleming v. Warden, FCI Tallahassee,* 631 F. App'x 840, 842 (11th Cir. 2015); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004)(holding that exhaustion is required "in all habeas cases" including those brought under § 2241). The exhaustion requirement is the same for §§ 2254 and 2241. *See Dill v. Holt,* 371 F.3d 1301, 1302-03 (11th Cir. 2004)("Even though [petitioner] brought his petition seeking habeas corpus relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement."). Thus, court s cannot disregard a failure to exhaust where, as here, Respondent properly asserts the defense. *See Fleming,* 631 F. App'x at 842 (citing *Santiago-Lugo,* 785 F.3d at 475).

To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo,* 540 U.S. 81, 90-91 (2006)(explaining the exhaustion requirement in the context of the Prison Litigation Reform Act). The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" *Green v. Sec'y, Dep't of Corr.,* 212 F. App'x 869, 871 (11th Cir. 2006)(quoting *Alexander v. Hawk,* 159 F.3d 1321, 1327 (11th Cir. 1998)). Also, requiring exhaustion is the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally

before allowing the initiation of a federal case." *Woodford,* 548 U.S. at 93.[2]

To properly satisfy the exhaustion requirement, a § 2241 petitioner must comply with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford,* 548 U.S. at 90-91. Thus, an institution's requirements define what is considered exhaustion. *Jones v. Bock,* 549 U.S. 199, 218 (2007). It is not the court's role to consider the adequacy or futility of the administrative remedies afforded to an inmate. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000). The focus should be, instead, on what remedies are available and whether the inmate pursued these remedies prior to filing suit. *Higginbottom,* 223 F.3d at 1261.

In the prison context, a prisoner must do more than simply initiate grievances, but must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. *Bryant v. Rich,* 530 F.3d 1368, 1378 (11th Cir. 2008)(quoting *Johnson v. Meadows,* 418 F.3d 1152, 1157 (11th Cir. 2005)).

Where, as here, a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the court should dismiss the petition. *Davis v.*

---

[2]Although *Woodford* was a civil rights case, not a habeas petition, the court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits. *See Woodford,* 548 U.S. at 90.

*Warden, FCC Coleman-USP I,* 661 F. App'x 561, 563 (11th Cir. 2016).

To the extent Petitioner suggests that exhausting his administrative remedies would be futile because he is in danger of contracting the COVID-19 virus if he remains in FDOC custody, the Eleventh Circuit has made clear that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *See McGee v. Warden, FDC Miami,* 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition). Thus, to the extent any claim could be viewed as properly brought by way of a § 2241 petition, it should be dismissed for lack of exhaustion.

### B. Challenge Under 42 U.S.C. § 1983

In light of the foregoing, Petitioner's challenge to the conditions of his confinement more properly arises under 42 U.S.C. § 1983, not invoked, or otherwise mentioned in his filing. In any event, even if so construed, the Prison Litigation Reform Act requires that "no action be brought with respect to prison conditions under 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 41 U.S.C. § 1997e(a). As long as those remedies are available, a "court may not excuse a failure to exhaust, even to take [special circumstances] into account." *See Swain v. Junior,* 2020 WL 3167628, *11 (11th

Cir. 2020)(finding under the PLRA exhaustion is mandatory and that unexhausted claims cannot be brought in court and must be dismissed)(*quoting Jones,* 549 U.S. at 211); *Ross v. Blake,* 136 S.Ct. 1850, 856 (2016); *Smith v. Terry,* 491 F. App'x 81, 83 (11th Cir. 2012).

It is far from clear from Petitioner's filing whether his conditions of confinement claim has been properly exhausted for purposes of the PLRA so that, as a threshold matter, it would be ripe for review under § 1983. *See Chandler v. Crosby,* 379 F.3d 1278, 1286 (2004). Exhaustion is required irrespective of whether a prisoner is seeking monetary damages, declaratory or injunctive relief. *See Booth v. Churner,* 531 U.S. 731, 734 (2001). Exhaustion in the civil rights context is also not subject to either waiver by a court or a futility exception. *See Alexander,* 159 F.3d at 1325; *Booth,* 532 U.S. 741 n.6.

Respondent argues that, when construed as a conditions of confinement claim, Petitioner has not exhausted the mandatory PLRA exhaustion requirement. [ECF No. 13]. Therefore, dismissal is warranted. For the reasons previously stated, Respondent's argument is meritorious. However, this is not dispositive here, as this action has not been construed as one brought under § 1983. Petitioner may do so by filing a separate civil rights action, on the proper form, and paying the Clerk's $350 filing fee or seeking pauper status, if he so chooses.

## C. Challenge Under 28 U.S.C. § 2254

As discussed above, Petitioner challenges the conditions of his confinement, not the constitutionality the judgment of conviction for which he is incarcerated. State prisoners have two main avenues of relief on complaints related to their imprisonment under federal law: habeas corpus petitions under § 2254 and complaints under § 1983. *Muhammad v. Close,* 540 U.S. 749, 750 (2004). Both "avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006).

It is well established that "claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement 'fall outside of that core and may be brought pursuant to § 1983.'" *See Daker v. Warden,* 805 F. App'x 648, 650 (11th Cir. 2020)(quoting *Nelson*, 541 U.S. at 924). Where a claim does not result in immediate release from custody, it does not "lie at the core of habeas corpus, and may be brought, if at all, under § 1983." *Daker,* 805 F. App'x at 650 (quoting *Skinner v. Switzer,* 562 U.S. 521, 535 n.13 (2011) (internal quotation marks omitted)). The proper vehicle for raising a conditions of confinement claim is a civil rights, rather than a habeas corpus, action. *See McKinnis v. Mosely,* 693 F.2d 1054, 1056-57 (11th Cir. 1982).

Given the foregoing, Petitioner cannot rely upon § 2254 to obtain immediate

relief from custody. The appropriate remedy is to dismiss this action without prejudice to the filing of a § 1983 civil rights action, together with the Court's $350 filing fee or pauper application, if Petitioner so chooses. As the district court concluded in *Matos,* the undersigned is "unpersuaded" an "exception should be made here regarding the inapplicability of writs of habeas corpus to constitutional confinement claims because release from detention . . . is not an available remedy" here. *Matos,* 2020 WL 2298775 at *6. Instead, as found by the Eleventh Circuit, the appropriate remedy for a claim that prison conditions violate the Eight Amendment is to require discontinuance of any improper practices, to correction of any condition causing cruel and unusual punishment. *See Gomez,* 899 F.2d at 1126 (quoting *Cook v. Hanberry,* 596 F.2d 658, 660 (5th Cir. 1979)); *Vaz,* 634 F. App'x at 780 (citing *Nelson,* 541 U.S. at 644); *Gayle v. Meade,* 2020 WL 1949737, *25 (S.D. Fla. 2020)(acknowledging the Eleventh Circuit "does not permit release from prison as a remedy for an unconstitutional condition of confinement claim"). Thus, like § 2241, § 2254 does not authorize Petitioner's release from custody, so that the proper remedy is dismissal this action. *See* Rule 4, Rules Governing § 2254 Cases; *McFarland v. Scott,* 512 U.S. 849, 856 (1994)(finding federal courts are authorized to summarily dismiss habeas petition that appears legally insufficient on its face); *Day v. Crosby,* 391 F.3d 1192, 1194 (11th Cir. 2004)(per curiam)(noting district courts have authority to dismiss habeas petition *sua sponte* when they are unable to

grant the relief requested).

### D. Challenge Under 28 U.S.C. § 1651

Petitioner invokes § 1651 relief. [ECF No. 1]. However, Petitioner is also not entitled to § 1651 relief. Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties. *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 168-69 (1803). Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes amounting to a judicial usurpation of power or a clear abuse of discretion." *Drummond Co. v. Collingsworth,* 816 F. 3d 1319, 1327 (11th Cir. 2016) (internal quotation marks omitted).

"Federal mandamus is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Bailey v. Silberman,* 226 F. App'x 922, 924 (11th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 1361). "Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Bailey,* 226 F. App'x at 924 (citing *Moye v. Clerk, DeKalb Cty. Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973)).

Accordingly, "[i]t is clear that the courts of the United States have no authority to issue writs of mandamus to direct employees of the Florida Department of Corrections in the performance of their duties." *Norton v. Rathmann,* No. 3:06CV472J-32MCR, 2006 WL 1517146, at *1 (M.D. Fla. May 24, 2006).

Because Petitioner in no way implicates any officers, employees, or agencies of the United States in his filing, this Court lacks jurisdiction to grant mandamus relief pursuant to 28 U.S.C. § 1651.

### E. Challenge Under 28 U.S.C. § 1331

To the extent Petitioner claims the court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case involves a violation of the Eighth Amendment, therefore, it invokes federal-question jurisdiction. [ECF No. 1].

Federal courts have original jurisdiction of all civil actions that arise under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute. *See Jairath v. Dyer,* 154 F.3d 1280, 1282 (11th Cir. 1998)(citing *City of Huntsville v. City of Madison,* 24 F.3d 169, 171–72 (11th Cir.1994).

However, "merely asserting a federal cause of action is not enough to establish federal-question jurisdiction." *Peterson v. Ramirez,* 428 F. App'x 908 (11th Cir. 2011)(per curiam)(citing *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.,* 607 F.3d 1268, 1273 (11th Cir. 2010)).

Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in

limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *City of Huntsville,* 24 F.3d at 173–74 (analyzing the relevant Supreme Court cases, including *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986)).

"Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.,* 236 F.3d 1292, 1311 (11th Cir. 2001)(quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith,* 236 F.3d at 1311 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983)).

It appears that this court has subject matter jurisdiction under § 1331 to determine whether Petitioner's cause of action was properly raised, as suggested, by way of a habeas corpus petition under 28 U.S.C. § 2241, and whether he is entitled to the relief requested. *See Matos,* 2020 WL 2298775 at *6. However, for the reasons set forth herein, Petitioner is not entitled to the relief requested.

### F. Conclusion

While this court is not unsympathetic to prisoners facing exposure to the COVID-19 virus, Petitioner has not established that his chronic Asthma condition alone makes him more susceptible to a risk of contracting the virus at a state prison facility, and that release from custody is the appropriate relief. *See Alcocer-Roa v. United States,* No. 20-CV-20298-SEITZ, 2020 WL 3118307 (S.D. Fla. Jun. 11, 2020)(finding movant has not presented exceptional and extraordinary circumstances that would warrant release pending resolution of his § 2255 motion)(citing *Matos,* 2020 WL 2298775 at *6 (finding release from custody not available remedy in habeas actions where claims based on exposure to COVID-19).

Further, the relief requested, release from confinement and suspension of a valid sentence, is not an appropriate remedy under § 2241, § 2254, or § 1651. Further, Petitioner is not left without an avenue to properly challenge the conditions of his detention. He may do so by filing a § 1983 civil rights action, as he is a state prisoner in state custody challenging the conditions of his confinement.

### IV. Recommendations

Based upon all of the foregoing, it is recommended that this petition be DISMISSED, and the case CLOSED.

Objections to this report may be filed with the court within fourteen days of receipt of a copy of the report. Failure to file timely objections may bar Petitioner

from a *de novo* determination by the district judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 27th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Christopher J. Moore, *Pro Se*
      DC#400031
      Dade Correctional Institution
      Inmate Mail/Parcels
      19000 SW 377th Street
      Florida City, FL 33034

      Lindsey L. Miller-Hailey, Ass't Att'y Gen.
      Office of the Attorney General
      General Civil Corrections Litigation Bureau
      PL-01 The Capitol
      Tallahassee, FL 32399-1050
      Email: lindsey.millerhailey@myfloridalegal.com