UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-22032-CIV-GAYLES/REID

CHRISTOPHER J. MOORE,

        **Petitioner,**

v.

JOSE COLON, Warden, *et al.*,

        **Respondent.**

                                                        /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on the Report of Magistrate Judge Recommending Dismissal of Habeas Petition – 28 U.S.C. § 2241 (the "Report") [ECF No. 17]. Petitioner filed a *pro se* federal habeas corpus petition pursuant to 28 U.S.C. §§ 2241-43, 28 U.S.C. § 2254, and the All Writs Act, 28 U.S.C. § 1651. Petitioner seeks an Order from the Court directing his release from the custody of the Florida Department of Corrections to home confinement or indefinite suspension of his state prison sentence due to the Covid-19 pandemic. [ECF No. 1]. The matter was referred to Magistrate Judge Reid for a ruling on all pre-trial non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 2]. The Report recommends that the Court dismiss the petition because a § 2241 petition is not the proper vehicle for Petitioner to challenge the conditions of his confinement and that dismissal should be without prejudice to Plaintiff refiling his claims under § 1983. To the extent Petitioner's claims can be viewed as a proper challenge to the execution of his state sentence, and therefore properly brought under § 2241, the Report still recommends dismissal as Petitioner has failed to exhaust administrative remedies. The Report also finds that § 2254 does not authorize Petitioner's release from custody, and the Court lacks jurisdiction to

grant mandamus relief pursuant to § 1651. Petitioner has timely objected to the Report. [ECF Nos. 20, 21].[1]

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the record and agrees with Judge Reid's well-reasoned analysis and conclusion that the Petition should be dismissed without prejudice. Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Reid's Report [ECF No. 17] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2)  Petitioner's Federal Habeas Corpus Petition [ECF No. 1] is **DISMISSED without prejudice**; and

(3)  This case shall be **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] On September 29, 2020, Petitioner moved to amend his objections after he realized that his original objections contained "errors and misspelled words." [ECF No. 21]. In conducting its review, the Court reviewed the Amended Objections as requested by Petitioner.